Mr. Justice Cox
delivered the opinion of the court.
These two cases present one question of importance applicable to them both, and that is whether a justice of the peace can issue an attachment for rent — a question which does not seem to have been decided by this court before.
The principal argument against the right of a justice of the peace to issue an attachment for rent is founded upon the language of the general attachment law of 1866, which provides that writs of attachment and garnishment shall be issued by the clerk of the Supreme Court of the District. It is supposed that this limits the authority to the clerk of the court. It will be remembered that the attachment law before that date was very imperfect. We had only the attachment law of Maryland, and that allowed the plaintiff to procure an attachment from the clerk of the court, only upon the warrant of a justice of the peace or a judge of the old circuit court, and on the defendant’s appearance the attachment was dissolved. The act of Congress of 1866 is entitled, '“An act to more clearly define and ascertain the powers of the Supreme Court of the Dis *127 trict of Columbia; ” and it amends the old law by providing that an attachment may he issued at any time, at the commencement, or during the progress, of a suit, whereas formerly it could only he issued at the commencement. It also allowed it to he issued hy the clerk without any warrant, and when the attachment is served, it is not discharged by the defendant’s appearance, but, as the language is, “ it shall not he discharged except on the filing of a bond, &c.”
Undoubtedly that law had reference to nothing but a process from the Supreme Court of the District of Columbia. It had no reference to rents particularly, or to the relation existing between landlord and tenant, but applied to all cases: But a year after that was passed the Landlord and Tenant Act, ch. 19, R. S. D. C., which embraces a different subject and offers an entirely different remedy. That commences hy saying that:
“ The power claimed and exercised as a common right by every landlord, of seizing, by his own authority, the personal chattels of his tenant for rent arrear is' abolished.”
We know that the landlord possessed that power of dis-training, without any reference at all to the amount of indebtedness for rent. He had as much right to distrain for rent amounting to less than fifty dollars as for a sum over that amount. And yet the remedy is swept away in all cases by this act of Congress.
Then the next section provides — and this evidently was intended as a substitute for the remedy which was taken away, and the presumption is that the substitute was intended to be equally extensive with the remedy which was destroyed — that:
“ The landlord shall have a tacit lien upon such of the .tenant’s personal chattels, on the premises as are subject to execution for debt, to commence with the tenancy, &c.”
Now that is equally comprehensive with the first clause ; that is to say, it applies to all cases where the relation of landlord and tenant exists, and that without reference to *128 the amount of rent due. So that a landlord, whose rent is in arrear to the extent of only fifty dollars, has just as much a tacit lien on the tenant’s goods as another landlord who has a claim of a larger amount.
Then this lien may be enforced, first, by attachment, to be issued upon affidavit, &c.; second, by judgment against the tenant, and third, by judgmeut against a third person.
The act does not declare in what tribunal the attachment shall be sought, neither does it say in what tribunal this judgment can be recovered against the tenant or a third person. So that we are referred to some legislation outside of this for the ascertainment of that question. Well, we find on March 11, 1828, that an act of Congress 3 St. at. L., sec. 6, p. 744, entitled “An act to extend the jurisdiction of justices of the peace,” &c., provided:
“ That the judges of the Circuit Court of the District of Columbia [whose powers we have succeeded to] shall not hold original plea in the said court of any debt or damage in cases within the jurisdiction given to justices of the peace by this act, which shall not exceed fifty dollars, exclusive of costs.”
That law is still in force and, binding on this court. We cannot entertain any plea of debt or damage which shall not exceed fifty dollars in amount. .An attachment is a suit in ram founded on a personal indebtedness, and only sustained by proof of that personal indebtedness; and under the provisions of that law we could not entertain an attachment for the sum of fifty dollars or less. But a landlord has, under this Landlord and Tenant Act, an absolute right to sue in any one of three forms, viz., first, by attachment against the tenant; second, common law action against the tenant, or third, action against a third person. He must have a remedy by one of these three methods, and the only remedy is found in a justice of the peace’s court. Therefore, ‘ as a matter of implication, we conclude that a justice of the peace has a right to issue an attachment in the case of a small debt due for rent.
There is, a nearly analogous case in the powers invested *129 in justices in reference to executions. Before the revision of 1874, under the same act which I have already referred to, justices of the peace could issue writs of capias ad satisfaciendum and writs of ft. fa,, to be levied on the goods and chattels of the defendant, and that was the extent of his power as to executions. Now this revision adds words which change the matter entirely. It provides, sec. 1019, R. S. D. C., that: “The plaintiff is entitled to have his execution against the goods and chattels, lands and tenements, rights and credits, of the defendant, subject to the exemption mentioned in section seven hundred and ninety-seven.”
We know that a writ of ft. fa. cannot be levied against credits, and therefore we have inferred that the law conferred on a justice of the peace the right to issue attachments by way of execution, and that has been uniformly practiced. This is a remedial statute, and ought not to be construed strictly, hut to have a liberal construction ; and we are satisfied that the impression the court first entertained on this subject was right, when the court, in its scale of fees to be allowed justices of the peace, provided fees for this very matter of issuing attachments for rent. We are satisfied, therefore, that the court below was right in holding that a justice could issue attachments, and that his process could not be quashed for want of jurisdiction in either of these cases.
In the case of Gross against Goldsmith another question was presented. It seems there that the attachment was for two months’ rent — one of which was not due, and the affidavit for attachment did not contain the averment required by the act as to rent not yet due, namely, that the tenant was about to remove his goods, &c. Accordingly it was claimed that the attachment could not have been issued for that second month’s rent. The court allowed that claim, and held that the attachment was void in consequence of being issued for rent, a part of which, on the very face of the matter, was not due, and could not have been sued for, nor attached for, at that time, and an appeal was taken on that question.
As an ori ginal question, I do not know but that I would *130 hold the same view. But I find that the Maryland authorities (White vs. Solomon, 1 Gill, 372, and Dawson vs. Brown, 12 Gill & J., 53), hold that the attachment is not to be dissolved or quashed on the ground that if could not have issued for every part of the' debt claimed, but it will stand for that part in respect to which it could properly issue. Therefore we overrule the decision of the court on that question.